# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48827-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JESSE LEE WILKINS, | |
| Appellant. | |

MAXA, A.C.J. – Jesse Wilkins appeals his adjudication of attempted second degree rape in juvenile court. Wilkins argues that the trial court erred in admitting testimony from a nurse about a statement the alleged victim made during a sexual assault examination. He claims that the testimony was hearsay and that the medical treatment exception to the hearsay rule in ER 803(a)(4) was inapplicable because the statements were made as part of a forensic, not medical, investigation.

We hold that the nurse's testimony was not hearsay under ER 801(c) and therefore it was admissible. Accordingly, we affirm Wilkins's juvenile adjudication for attempted second degree rape.

## FACTS

Charity Matthews and her four children were living at a hotel in Centralia. On July 1, 2014, she left her son Jesse (age 17) with her two younger daughters, CW (age 12) and AM (age 5). While driving back to the hotel, Matthews received a telephone call from CW, who was crying and asked Matthews to come home right away.

When Matthews entered the hotel room, CW ran into Matthews's arms. She was screaming and crying and said that Jesse had raped her. Jesse denied it. Matthews then left with her daughters and took CW to the emergency room in Centralia, to the police station, and to a hospital in Olympia for a rape test.

The State charged Jesse with attempted second degree rape. At trial, CW testified that Wilkins pulled down her pants. CW pulled her pants back up and tried to leave, but Wilkins put his arms around her neck and choked her. Wilkins pulled down her pants again and forced her to the floor, where Wilkins tried to put his penis in her anus and then in her vagina.

Lisa Curt, a nurse at Providence Hospital, performed a sexual assault examination on CW. Her examination of CW revealed redness and irritation in the vaginal area and red pinpoint bruising on her neck. The State asked Curt why she was examining CW's neck. Curt responded that "She had made claims that the person that assaulted her had wrapped his arms around her neck, trying to choke her." Report of Proceeding (Aug. 25, 2014) (RP) at 47. Wilkins objected, but the trial court allowed the answer "for the purpose which is intended which is why she was looking there." RP at 47.

The trial court adjudicated Wilkins guilty of attempted second degree rape and imposed a manifest injustice disposition. Wilkins appeals.

## ANALYSIS

### A. ADMISSION OF VICTIM'S STATEMENT TO A NURSE

Wilkins argues that the trial court erred when it admitted Curt's testimony about CW's statement to her about being choked because it was hearsay and the medical treatment exception

to the hearsay rule in ER 803(a)(4) was inapplicable. We hold that Curt's testimony was not hearsay and therefore the trial court did not err in admitting that testimony.

1. Legal Principles

Under ER 801(c), "hearsay" is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay generally is inadmissible under ER 802, but ER 803 provides several exceptions to that rule of inadmissibility. *State v. Alvarez–Abrego*, 154 Wn. App. 351, 366, 225 P.3d 396 (2010).

ER 803(a)(4) provides a hearsay exception for "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." This exception applies to statements reasonably pertinent to medical diagnosis or treatment. *State v. Doerflinger*, 170 Wn. App. 650, 664, 285 P.3d 217 (2012).

2. Hearsay Analysis

Wilkins argues that ER 803(a)(4) was inapplicable because CW's statement were made as part of a forensic, not medical, investigation. But the threshold question is whether Curt's testimony was hearsay at all.

Here, Curt's testimony was not offered to prove the truth of the matter asserted – that the person who assaulted CW wrapped his arms around her neck and tried to choke her. Instead, the testimony was in response to a very specific question: why Curt examined CW's neck. The trial court expressly admitted the testimony for the narrow purpose of explaining why Curt was looking at the neck. There is no indication that the trial court admitted the testimony or

No. 48827-2-II

considered it as substantive evidence. Therefore, Curt's testimony was not hearsay under ER 801(c) and the applicability of ER 803(a)(4) is immaterial.

We hold that because Curt's testimony was not hearsay, the trial court did not err in admitting that testimony.

B.     APPELLATE COSTS

Wilkins asks us to deny any request the State may make to award appellate costs. A commissioner of this court will consider whether to award appellate costs in due course under the newly revised provisions of RAP 14.2 if the State decides to file a cost bill and if Wilkins objects to that cost bill.

## CONCLUSION

We affirm Wilkins's juvenile court adjudication of attempted second degree rape.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, J.

4